BENJAMIN CIANCIARULO *vs.* NICHOLAS CALDARONE.

MARCH 15, 1943.

PRESENT: FLYNN, C. J., MOSS, CAPOTOSTO, BAKER & CONDON, JJ.

CAPOTOSTO, J. This action in assumpsit is based upon an agreement in connection with the sale, under a decree of the probate court of the city of Providence, of a decedent's real estate. A jury in the superior court returned a verdict for the plaintiff in the sum of $200. Defendant's motion for a new

trial was heard and denied. The case is before us on defendant's bill of exceptions to this and to other rulings by the trial justice during the trial.

Except for a conflict on one point, the facts are undisputed. It appears in evidence that, on February 18, 1941, the administrator *c.t.a.* of the estate of Nellie J. O'Donnell filed a petition in the probate court for authority to sell at "private sale" the interest of the deceased in certain described real estate "to raise the greatest possible sum." This petition was duly advertised and a hearing thereon was held on March 14, 1941.

The plaintiff and the defendant attended that hearing. Acting independently and not in pursuance of a joint enterprise or common purpose, each then informed the court that he was willing to pay $6000 for the real estate in question. Confronted with the same offer from two competing bidders, the court authorized the sale and set the minimum price for which the real estate might be sold at $6000. Upon leaving the court room and while all interested parties were in the corridor adjacent thereto, the plaintiff and the defendant, withdrawing to one side and out of the hearing of the administrator, entered into the agreement which the plaintiff seeks to enforce in this case. Immediately thereafter the plaintiff told the administrator that he was no longer interested in buying the real estate, whereupon the latter, after some discussion with the defendant, agreed to sell the real estate to him for $6075. The sale was never consummated because of defective title.

The conflict in the evidence is as to the terms of the agreement. The plaintiff testified that the defendant agreed to pay him $200 if he withdrew as a bidder for the real estate in question, while the latter testified that he so agreed, provided that he actually bought such real estate.

The defendant's exception to the denial of his motion for a directed verdict on the ground that the agreement is illegal for reasons of public policy raises the real question in this case. Under this exception he contends that the law ap-

plicable to auction sales or to judicial sales is controlling in the circumstances now before us. We have examined his authorities and have come to the conclusion that the sale in the instant case was clearly not an auction sale, as the administrator was authorized by the probate court to sell the real estate at private sale; nor was it a judicial sale in the strict sense of that term. A judicial sale, properly speaking, is one that is made on order of and subject to confirmation by the court. In such a case, the sale is actually made by the court and not by persons authorized to make the sale. 35 C. J. § § 3, 60.

If our statute provided that the sale by an administrator of decedent's real estate was not binding until confirmed by the court which authorized the sale, then this case would fall under that line of decisions which hold that, subject to certain recognized exceptions, an agreement to stifle competition at a judicial sale is unenforceable on the ground of public policy. 35 C. J. § 53. Our statute, G. L. 1938, chap. 570, requires no such confirmation. Once the probate court has authorized the sale, it is *functus officio* in so far as the sale itself is concerned. See the opinion of *Story, J.* in *Smith v. Arnold,* 5 Mason 414, at page 420, which deals with substantially the same statute as is involved in the instant case. Laws of R. I. 1822, page 235, sec. 27.

But, although the sale under consideration was not strictly a judicial sale, nevertheless it was in the nature of a special proceeding and so akin to such a sale as to preclude the plaintiff from recovery under his agreement with the defendant. It is clear from the circumstances disclosed by the record before us that such agreement was entered into for the sole purpose of stifling competition in the purchase of real estate that was being sold under a decree of the probate court to meet the needs of a decedent's estate. The public policy of this state, as reflected throughout our probate statutes, is to conserve the assets in the estate of a deceased person for the benefit of creditors, children, widows and of all others legally entitled to those assets. In furtherance of such policy, this

court does not look with favor upon any agreement or course of conduct intended adversely to affect those assets. The decision in all instances must, however, necessarily rest on the facts of each particular case.

The undisputed facts in this case show a deliberate purpose on the part of both the plaintiff and the defendant to circumvent, if possible, the administrator's object to obtain the greatest possible sum for the decedent's real estate. With full knowledge of the representations that were made by them to the probate court, upon which it apparently relied in entering its decree, they contrived to thwart the administrator by an agreement to stifle competition in a sale which, on the record before us, was very much in the nature of a judicial sale. In these circumstances, the court will not aid the plaintiff in the enforcement of such an agreement, as it is clearly not in the interest of sound public policy. No principle of law is better settled than that a party to a contract that is contrary to public policy cannot come into a court of law and ask to have it enforced for his benefit. 17 C. J. S. Contracts, § 272.

We therefore find that, under the facts appearing in the instant case, the superior court erred in denying defendant's motion for a directed verdict. In view of this conclusion, it becomes unnecessary to consider defendant's other exceptions.

The plaintiff may appear, if he shall see fit, on March 24, 1943, and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Aram A. Arabian,* for plaintiff.
*Kirshenbaum & Kirshenbaum,* for defendant.